UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KATHERINE STEEN,

    Plaintiff,                                            Case No. 16-cv-13253
                                                         Hon. Matthew F. Leitman

v.

KATHERINE PULLEN, et al.,

    Defendants.
_____/

**ORDER (1) GRANTING PLAINTIFF'S APPLICATION TO PROCEED
WITHOUT PREPAYMENT OF FEES OR COSTS (ECF #2) AND (2)
DISMISSING PLAINTIFF'S COMPLAINT (ECF #1)
WITHOUT PREJUDICE**

On September 08, 2016, Plaintiff Katherine Steen ("Steen") filed this action against Defendants Katherine Pullen, Kelsey McHaffie, and Jane Kogan (the "Defendants"). Steen appears to allege that Defendants are "filing Federal Cases at 36th District Court." (*See* Compl., ECF #1 at 1, Pg. ID 1.) In her civil cover sheet, she more specifically alleges that Defendants are "filing Case 15-14330 in State Court."[1] (*Id at* 11, Pg. ID 11.) She seeks damages for "emotional distress," "violation of civil and human rights," and "breach of contract." (*Id*.) In support of her claims, Steen attaches: (1) a partial transcript of state court proceedings. The transcript appears to be about a dispute regarding Steen's safe

---

[1] Case 15-14330, *Steen v. Hergiz,* involved the following allegation by Steen: "Andrew Hergiz brought 3 fake baliffs [sic] to my apt, I was not home. Home invasion." *See Steen v. Hergiz*, 15-14330, ECF #5. Federal Judge Nancy Edmunds dismissed the case because Steen failed to state a claim upon which relief can be granted. *Id.*

1

deposit box at Fifth Third Bank; (2) a letter dated March 31, 2016 that she received from Fifth Third Bank regarding resolution of the safe deposit dispute; and (3) a June 30, 2016 notice of a hearing in the 36th District Court for the City of Detroit. (*Id* at 4-9, Pg. ID 4-9.) Steen has also filed an application to proceed in this action without the prepayment of fees or costs (the "Application"). (*See* ECF #2.) For the reasons stated below, the Court **GRANTS** the Application and **DISMISSES** the Complaint **WITHOUT PREJUDICE**.

## I

Applications to proceed without the prepayment of fees or costs are governed by 28 U.S.C. § 1915(a)(1). That statute provides that a federal court "may authorize the commencement ... of any suit, action, or proceeding ... by a person who submits an affidavit that includes a statement of all assets ... that the person is unable to pay such fees...." *Id.*

In the Application, Steen states that she has no savings, no real estate or other assets of significant value, and her sole sources of income are from worker's disability and $133 in food stamps. (*See* Application at 1-2, Pg. ID 29-30.) The Court has reviewed the Application and is satisfied that the prepayment of the filing fee would cause an undue financial hardship on Steen. The Court therefore grants the Application and permits Steen to file her Complaint without prepaying the filing fee.

## II

When a plaintiff is allowed to proceed without the prepayment of fees or costs, the Court is required to screen the complaint and dismiss it if it (i) asserts frivolous or malicious claims, (ii) fails to state a claim upon which relief may be granted, and/or (iii) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §

1915(e)(2). While the Court must liberally construe documents filed by a *pro se* plaintiff, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), a complaint filed by such a plaintiff must still plead sufficient specific factual allegations, and not just legal conclusions, in support of each claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–679 (2009); *see also Hill v. Lappin*, 630 F.3d 468, 470–471 (6th Cir. 2010) (holding that the dismissal standard of *Iqbal* applies to a Court's review of a complaint under § 1915(e)(2) for failure to state a claim).

Moreover, federal courts are courts of limited jurisdiction. This Court has jurisdiction over (1) "all civil actions arising under the Constitution, laws, or treaties of the United States" (28 U.S.C. § 1331 – "federal question jurisdiction") and (2) "all civil actions where the matter in controversy exceeds the sum or value of $75,000...and is between citizens of different states" (28 U.S.C. § 1332 – "diversity jurisdiction"). The Court is obligated to consider *sua sponte* in every action whether it has subject matter jurisdiction and to dismiss the action if it lacks subject matter jurisdiction. *See, e.g.*, *In re Lewis*, 398 F.3d 735, 739 (6th Cir. 2005); *See also* Fed. Rule Civ. Proc. 12(h)(3).

On the face of her Complaint, Steen has failed to establish that this Court has subject matter jurisdiction over her claims. Indeed, Steen has failed to plead either that (1) she and the defendants are citizens of different states and that the amount in controversy exceeds $75,000 or (2) her claims arise under federal law such that federal question jurisdiction exists. Although she broadly alleges a "violation of civil and human rights" in her civil cover sheet, she does not cite any federal law or right that was violated. Simply put, "[n]othing in [Steen's] Complaint suggests a basis for a federal claim over which this Court may properly exercise subject matter jurisdiction." *Smith v. United Way of Genesee*

*County*, 16-cv-11320, 2016 WL 1615710, at *3 (E.D. Mich. Apr. 22, 2016) (dismissing *pro se* complaint pursuant to 28 U.S.C. § 1915(e)(2) for failing to plead the existence of subject matter jurisdiction).

Moreover, while the Court is mindful that a pro se litigant's complaint is held to "less than stringent standards," Steen's complaint must contain facts sufficient to support a claim that would entitle her to relief. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *see also* Fed. R. Civ. P. 12(b). Dismissal is appropriate where "the claim is based on an indisputably meritless legal theory[.]" *Wilson v. Yaklich*, 148 F.3d 596, 600 (6th Cir. 1998). Even if the Court has jurisdiction over this case, it would dismiss the case on the grounds that Steen's claims are based on a meritless legal theory. Steen's complaint fails to explain how Defendants could possibly have filed a previously dismissed Federal Case 15-14330 in state court. Case 15-14330 was a federal case filed *by Steen* that involved a completely unrelated defendant and was dismissed due to Steen's failure to state a claim. *See Steen v. Hergiz*, 15-14330, ECF #5. Steen's complaint also fails to connect in any discernable manner the alleged filing of Case 15-14330 in state court to her claims of emotional distress, violation of civil and human rights, and breach of contract. Therefore, the Court concludes that Steen's claims are based on "an indisputably meritless legal theory." *Wilson*, 148 F.3d at 600.

Accordingly, **IT IS HEREBY ORDERED** that the Complaint (ECF #1) is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B) and Fed. Rule Civ. Proc. 12(h)(3).[2] The Court certifies that any appeal from this decision cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: October 3, 2016

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 3, 2016, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(313) 234-5113

---

[2] As Judge Edmunds noted in *Steen v. Hergiz*, Steen has filed at least 9 other actions in this District that have been dismissed on similar grounds. *See Steen v. Hergiz*, 15-14330. (Edmunds, J.); *Steen v. Firley*, et al, 92-74422, (Zatkoff, J.); *Steen v. Detroit Police Department*, 92-74424, (Zatkoff, J.); *Steen v. U.S. Storage*, 07-15121, (Tarnow, J.); *Steen v. Patel*, 08-14319, (Cleland, J.); *Steen v. Jones*, Jr., 11-11625,(Tarnow, J,); *Steen v. Franklin*, 06-1062, (Cohn, J.); *Steen v. Marable, Jr.*, 07-15001,(Friedman, J.); *Steen v. Rostram*, 12-15016, (Goldsmith, J.). Under Federal Rule of Civil Procedure 11, the Court has broad discretion to fashion sanctions "to deter baseless filings and curb abuses of the judicial system." *Ortman v. Thomas*, 906 F. Supp. 416, 421 (E.D. Mich. 1995) aff'd as modified, 99 F.3d 807 (6th Cir. 1996). Plaintiff is strongly advised to review Rule 11 before filing future lawsuits to prevent against the imposition of monetary or injunctive sanctions.